2015 BNH 001

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 12-13805-BAH |
| | Chapter 7 |
| Brian Pellerin and | |
| Ann Pellerin, | |
|       Debtors | |
| | |
| Mark P. Cornell, Chapter 7 Trustee, | |
|       Plaintiff | |
| | |
| v. | Adv. No. 14-1039-JMD |
| | |
| Bank of America, N.A., | |
| JP Morgan Chase Bank, N.A., and | |
| The Bank of New York Mellon Trust Company, N.A., | |
|       Defendants | |

*Richard K. McPartlin, Esquire*
*Ford & McPartlin, P.A.*
*Portsmouth, New Hampshire*
*Attorney for Plaintiff*

*Bradley M. Lown, Esquire and Kenneth D. Murphy, Esquire*
*Coughlin, Rainboth, Murphy & Lown, P.A.*
*Portsmouth, New Hampshire*
*Attorney for Defendant The Bank of New York Mellon Trust Company, N.A.*

## MEMORANDUM OPINION

### I.  INTRODUCTION

On February 3, 2015 the Court heard arguments on the Plaintiff's Motion for Summary Judgment filed by Mark P. Cornell, the chapter 7 trustee (the "Trustee") (Doc. No. 35) (the "Trustee SJM") and the Defendant's Motion for Summary Judgment filed by The Bank of New

York Mellon Trust Company, N.A. ("BONY") (Doc. No. 34) (the "BONY SJM"). In order to prevail on a motion for summary judgment, the moving party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment records reveal no disputed material facts. The legal issue in both motions is whether the acknowledgment attached to a mortgage is sufficiently defective to render the mortgage avoidable by the Trustee pursuant to 11 U.S.C. § 544(a) and preservable for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551. After the hearing, the Court took both motions under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire. This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The Debtors own real estate in Derry, New Hampshire, and executed a mortgage (the "Mortgage") encumbering that real estate in favor of Bank of America, N.A., one of the named defendants in this action. The Mortgage was later assigned to BONY, another named defendant and one of the parties seeking summary judgment, who currently holds the Mortgage on the property.[1] The Mortgage contains an acknowledgment which immediately follows the signature page of the Mortgage as page 15 (the "Acknowledgment"). The Acknowledgment reads as follows:

---

[1] It appears from the Complaint that the Mortgage was first assigned in 2004 by Bank of America, N.A. to JP Morgan Chase Bank as Trustee, the third named defendant in this action.

2

STATE OF NEW HAMPSHIRE,                                                              County ss:

    The foregoing instrument was acknowledged before me this 24th Day of October
by

My Commission Expires:
9/27/07

                                      Notary Public/Justice of the Peace
                                      LANCE I. LAYNE

      The Mortgage signature page does not include any date of execution. However, page 1 of the Mortgage contains a date of October 24, 2003, a month and day consistent with the Acknowledgment. The Mortgage was recorded in Rockingham County Registry of Deeds on October 30, 2003, at Book 4183, Page 1779. The Mortgage was assigned to BONY by an assignment dated March 4, 2013, and recorded in Rockingham County Registry of Deeds at Book 5416, Page 2985.

      Despite the text of the Acknowledgment that indicates it was taken in the State of New Hampshire, BONY's summary judgment record includes affidavits from each of the Debtors stating that the Mortgage was signed and acknowledged in the State of Massachusetts. The Trustee does not dispute those statements.

**III. DISCUSSION**

      In New Hampshire, in order to be valid, a mortgage must be executed, acknowledged and recorded at length in the appropriate registry of deeds. NH RSA 477:1, 3-a, and 7. In the Trustee SJM, the Trustee contends that the Acknowledgment is defective and, therefore, the

3

Mortgage is defective and not properly recorded. He cites Amoskeag Bank v. Chagnon, 133 N.H. 11, 14-16 (1990), in support of his position. The Trustee argues that the Acknowledgment is defective because it does not contain (1) the name of the person(s) acknowledging the document; (2) the county where the acknowledgment was taken; and (3) the title of the officer taking the acknowledgment. The Trustee contends that under New Hampshire law an improperly recorded mortgage does not provide constructive notice to, or place on inquiry notice, a judicial lien creditor such as the Trustee under § 544(a)(1) of the Bankruptcy Code. Id.

In the BONY SJM, BONY contends that there is no dispute that the Mortgage was actually signed and acknowledged by the Debtors before a notary public and that the Mortgage was subsequently recorded, placing the entire world, including the Trustee on constructive notice of BONY's security interest in the mortgaged property. BONY argues that the form of the Acknowledgment complies with applicable law, and that to the extent any minor defects exist, they do not render the Acknowledgment defective because the Acknowledgment substantially satisfies all applicable requirements.

The form and substance for a proper acknowledgment are governed by applicable state law. At the time the Mortgage was executed, an acknowledgment taken in the State of New Hampshire had to comply with New Hampshire's version of the Uniform Acknowledgment Act, NH RSA 456 (the "UAA"), while an acknowledgment taken outside of the State of New Hampshire had to comply with the Uniform Recognition of Acknowledgments Act, NH RSA 456-A (the "URAA"). For purposes of both motions, the undisputed facts are that the Mortgage was executed in the State of Massachusetts even though the Acknowledgment indicates it was executed in the State of New Hampshire. Whether this discrepancy renders the Acknowledgment defective was not directly addressed by the parties. At best it is a minor

4

defect, and at worst it is a false representation both by the persons acknowledging the instrument and by the officer taking their oaths. Because the parties do not dispute that portion of the summary judgment record indicating that the Mortgage was executed and acknowledged in the State of Massachusetts, the URAA apples to the Acknowledgment in question.

The URAA provides that acknowledgments performed outside the State of New Hampshire for use in New Hampshire have the same effect as if performed by a notary public within the state if:

1. The acknowledgment is taken by a notary public, or other person, authorized to perform notarial acts in the place where the act is performed. NH RSA 456-A:1.

2. The acknowledgment contains the signature and title of the person performing the act, which constitute prima facie evidence that the person has the designated title and that the signature is genuine. NH RSA 456-A:2.

3. The person taking the acknowledgment certifies that (a) the person acknowledging appeared before him and acknowledged he executed the instrument; and (b) the person acknowledging was known to the person taking the acknowledgment or that such person had satisfactory evidence that the person acknowledging the instrument was the person described in and who executed the instrument. NH RSA 456-A:3.

The URAA provides statutory short forms for acknowledgments but does not preclude the use of other forms. NH RSA 456-A:6. However, the acknowledgment must comply with the laws and regulations of the State of New Hampshire, or of the place where the acknowledgment is taken. NH RSA 456-A:4.

The form of the acknowledgment included in the Mortgage in this case satisfies the statutory short form for acknowledgments required under the URAA. See NH RSA 456-A:6.I. However, the statutory form was not fully completed, or completed correctly. It is undisputed that the Acknowledgment in the Mortgage contains the following omissions or errors:

1. It does not contain the correct place of execution (i.e., Massachusetts).

5

    2.       It does not indicate the county of execution (blank).

    3.       It does not contain the full date (year of execution omitted).

    4.       It does not contain the names of the person or persons acknowledging the Mortgage (blank).

    5.       It does not indicate the title of the person taking the acknowledgment by crossing out or indicating one of the two alternative titles in the form (notary public or justice of the peace).

The question for the Court is whether any one or more of the errors or omissions is sufficient to render the Acknowledgment defective.

For more than 150 years, New Hampshire has required mortgages to comply with all material and substantial statutory requirements. Kendall v. Hastings, 81 N.H. 280, 281 (1924); Hill v. Gilman, 39 N.H. 88, 94 (1859). In order to provide constructive notice to a lien creditor, the mortgage must be properly recorded. Chagnon, 133 N.H. at 16. Against a lien creditor, proper recording requires not just a document on the record, but a properly executed, valid document. Id. While an improperly recorded mortgage may place a bona fide purchaser on inquiry notice of the existence of the mortgage, it does not place a lien creditor on any inquiry or constructive notice. Id. at 15-16. A lien creditor has no duty to actually inspect the record and is chargeable only with the content of the recorded document. Id. at 16; Gen. Motors Acceptance Corp. v. Brackett & Shaw Co., 84 N.H. 348, 349 (1930) (an inspection of the record should inform all parties whether the document has been legally executed).

The Court finds that the Acknowledgment in the Mortgage is in the correct statutory form, but the person taking the acknowledgment failed to properly complete the form. The Acknowledgment does not demonstrate the degree of care and attention to the details of an

acknowledgment to warrant a conclusion by the Court that the errors and omissions are not material and substantial.

First, the failure of the person taking the acknowledgment to properly note the place of execution (i.e., state and county) and to leave an erroneous preprinted location in the document demonstrates a lack of concern over the accuracy and importance of the acknowledgment requirement.

Second, the failure of the person taking the acknowledgment to identify the persons who actually executed and acknowledged the Mortgage raises questions regarding the number and identity of the persons executing the document. The words "acknowledged before me" in an acknowledgment mean (1) that the person acknowledging appeared before the officer taking the acknowledgment and acknowledged execution of the document, and (2) that the officer taking the acknowledgment knew, or had satisfactory evidence, that the person acknowledging the mortgage was the person named in the document. NH RSA 456-A:5. The failure to identify the person or persons in the Acknowledgment renders it useless as evidence that both mortgagors appeared and were known to, or identified by, the person taking the acknowledgment and that they performed the acts required of them under the URAA.

Finally, the statute requires the person taking the acknowledgment to identify the office he or she holds (i.e., notary public or justice of the peace). Absent both the signature and title of the person taking the acknowledgment, the acknowledgment is not evidence that such person holds any title or that their signature is genuine. NH RSA 456-A:2.IV. The Acknowledgment was signed by a person, but was not completed in a manner that indicates the title or office of the person taking the acknowledgment. The form provides a choice of titles, one of which the signer would ordinarily cross out in order to indicate the capacity in which the acknowledgment was

taken.  In Mortgage, that person once again failed to complete the form by indicating the office held.

In summary, because the Acknowledgment attached to the Mortgage contains the defects outlined above, it does not comply with the URAA if the statutory requirements are to be given any legal significance.  The defects present in the Acknowledgment are material under any general legal meaning of that word, in the context of both the URAA and the long-standing judicial policies in New Hampshire regarding sufficiency of mortgages.  Accordingly, the Mortgage was not properly recorded as it contained a defective acknowledgment and could not give constructive notice to a lien creditor, like the Trustee.

## IV.  CONCLUSION

For the reasons stated above, the Court shall enter separate orders granting the Trustee SJM and denying the BONY SJM.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate judgment consistent with this opinion avoiding the Mortgage pursuant to 11 U.S.C. § 544(a)(1) and preserving it for the benefit of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 551.

ENTERED at Manchester, New Hampshire.


Date:   February 13, 2015               /s/ J. Michael Deasy
                                        J. Michael Deasy
                                        Bankruptcy Judge